UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NURI BRYANT,<br><br>      Plaintiff,<br><br>      v.<br><br>BURLINGTON COAT FACTORY<br>WAREHOUSE CORPORATION,<br><br>      Defendant. | CIVIL ACTION NO.<br>1:19-CV-01662-JPB |

## **ORDER**

This matter is before the Court on Burlington Coat Factory Warehouse Corporation's ("Defendant") Motion for Summary Judgment [Doc. 49].  This Court finds as follows:

### **PROCEDURAL HISTORY**

On March 8, 2019, Nuri Bryant ("Plaintiff") filed this negligence action against Burlington Incorporated Store 834 and Gallagher Bassett in the Superior Court of Gwinnett County.  [Doc. 1-1].  The action was removed to this Court on April 11, 2019.  [Doc. 1].  Thereafter, on October 17, 2019, Plaintiff filed his First Amended Complaint which dismissed Gallagher Bassett as a party defendant and substituted Defendant for Burlington Incorporated Store 834.  [Doc. 30].  On

March 12, 2020, Defendant filed the instant Motion for Summary Judgment. [Doc. 49].

## BACKGROUND

The Court derives the facts of this case from Defendant's Statement of Material Facts and Plaintiff's Statement of Material Facts. The Court also conducted its own review of the record.

It is important to note that neither party filed a response to the opposing party's Statement of Material Facts. The Local Rules of this Court require a respondent to a summary judgment motion to include with its responsive brief "a response to the movant's statement of undisputed facts." LR 56.1(B)(2)(a), NDGa. The Local Rules make clear that the Court

> will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1(B)(1).

LR 56.1(B)(2)(a)(2), NDGa. Similarly,

> if respondent provides a statement of additional material facts, then, within the time allowed for filing a reply, the movant shall file a response to each of the respondent's facts. The range of acceptable responses is limited to: (a) an objection to the admissibility of the evidence upon which the respondent relies, (b) an objection pointing

> out that the respondent's evidence does not support the respondent's fact[,] (c) an objection on the ground that the respondent's fact is not material or does not otherwise comply with the provisions set out in LR 56.1(B)(1), and (d) a concession that the Court can properly consider the respondent's evidence for purposes of the summary judgment motion.

LR 56.1(B)(3), NDGa.

Although Plaintiff did include a separate Statement of Material Facts in his response brief, some of the facts are not properly supported by the citation provided. [Doc. 56-3, pp. 2-3]. Moreover, other facts do not even include a citation. In accordance with the Local Rules, this Court will not consider unsupported facts or facts that Plaintiff raises solely in his brief. The Court will, however, use its discretion to consider all facts the Court deems material after reviewing the record. The facts of this case, for the purpose of adjudicating the instant motion, are as follows:

On April 4, 2017, Plaintiff went to Burlington Coat Factory Warehouse, a store owned by Defendant. [Doc. 53, p. 24]. As Plaintiff was entering the store, Plaintiff was injured when he was hit by the outer automatic sliding door. Id. at 26. Video evidence showed that Plaintiff was momentarily hit in the right arm by the automatic door before the door opened again. [Doc. 51]. Although Plaintiff was knocked off balance, he did not fall and proceeded to shop throughout the store. Id.

The uncontroverted evidence showed that before and during every work shift and during the store's open hours, managers on duty or their designees checked the automatic sliding doors at the front of the store. [Doc. 56-8, pp. 4-5]. In addition to these daily checks, the evidence also showed that Defendant routinely commissioned annual preventative maintenance for the automatic sliding doors. Id. at 5.

Maintenance was also performed on an "as-needed" basis. For example, on July 13, 2014, the outer automatic door would not open and close, and thus maintenance was requested. [Doc. 56-5, p. 2]. On March 2, 2015, maintenance was requested because the inner automatic door was not closing or opening when approached. Id. On January 15, 2016, maintenance was again needed because the outer door would not open when approached by a customer on the outside. Id. These particular maintenance requests were more than one year before Plaintiff's alleged accident.

It is undisputed that no maintenance was performed or needed on the outer automatic door around the time of Plaintiff's injury. In response to Plaintiff's interrogatory wherein he asked "[w]hat efforts were made by [Defendant] to correct the condition which [Plaintiff] contends caused the occurrence after the incident in question," Defendant explained that there was no condition that needed

4

to be corrected related to Plaintiff's contentions.  Id. at 4-5.  In fact, maintenance was not needed again until June 23, 2017—two months after Plaintiff's accident—when the outer automatic door was not opening when customers tried to come in. [Doc. 56-6, p. 2].

Video evidence showed that on the day Plaintiff was struck by the door, numerous customers entered and exited the store without incident.  [Doc. 51]. Significantly, Plaintiff admitted during his deposition that he does not have any evidence that Defendant or any of its employees knew of any problem with the door before he was struck.  [Doc. 53, p. 27].  Moreover, he also admitted that he did not have any evidence or documentation that the automatic door malfunctioned in any way on the date of the incident.  Id. at 59.

## DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A material fact is any fact that "is a legal element of the claim under the applicable substantive law which might affect the outcome of the case."  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).  A genuine dispute exists when "the evidence is such

that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Ultimately, "[t]he basic issue before the court on a motion for summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  Allen, 121 F.3d at 646 (citation omitted).

      The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party."  Id.  After the movant satisfies this initial burden, the nonmovant bears the burden of showing specific facts indicating summary judgment is improper because a material issue of fact does exist.  Id.  However, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).  If the record taken as a whole cannot lead "a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

B. **Negligence**

Negligence is the only claim that Plaintiff asserted against Defendant. In Georgia, an owner or occupier of land "owes persons invited to enter the premises a duty of ordinary care to have the premises in a reasonably safe condition and not to expose the invitees to unreasonable risk." Tyree v. Westin Peachtree, Inc., 735 S.E.2d 127, 129 (Ga. Ct. App. 2012). Importantly, proof of the occurrence of an injury, without more, is insufficient to establish liability. Hayes v. SNS P'ship, LP, 756 S.E.2d 273, 275 (Ga. Ct. App. 2014). "In order to recover, the plaintiff must prove that the defendant had superior knowledge of a dangerous condition that was unknown to the plaintiff that caused the plaintiff's injuries." Id. "Without evidence of the existence of a dangerous condition, there can be no evidence that the defendant had any knowledge of the danger, and therefore no recovery for the plaintiff." Id. (emphasis omitted).

In this case, Defendant presented evidence that the outer automatic sliding door was operating as it was supposed to. This evidence included video footage showing other customers entering and exiting Burlington Coat Factory Warehouse without incident around the same time as Plaintiff's accident. Also, the automatic doors were inspected before and during every shift, and after Plaintiff was struck by the door, no condition existed that needed to be repaired. In fact, the

7

maintenance records revealed that it was more than two months before maintenance was needed on the outer door.  Notably, Plaintiff even admitted that he had no evidence that the automatic door malfunctioned.

This Court is not persuaded by Plaintiff's argument that the fact that he was hit by the door indicates that Defendant was negligent.  "The solitary fact that [automatic doors] closed unexpectedly on [Plaintiff] on one occasion, for no reason that has been ascertained, does not constitute any evidence from which it can be inferred [Defendant] knew or should have known that the doors might close unexpectedly."  Johnston v. Grand Union Co., 375 S.E.2d 249, 250 (Ga. Ct. App. 1988).  It bears repeating that "the fact of an injury occurring, without more, is insufficient to establish liability on the part of [Defendant]."  Metts v. Wal-Mart Stores, Inc., 604 S.E.2d 235, 237 (Ga. Ct. App. 2004).  "The plaintiff must come forward with *evidence* that the proprietor had superior knowledge of a dangerous condition that was unknown to [him] that caused [his] injuries."  Id.  Here, Plaintiff has presented no evidence to show that the automatic door was not operating as it was supposed to on the day of the incident.  For instance, Plaintiff did not present evidence that Defendant failed to inspect the doors or keep them in repair.  Plaintiff also did not present evidence that the doors needed repairing on the day in question.  Further, Plaintiff did not present expert testimony that the speed or force

of the automatic doors was excessive or the sensor that triggered the movement was too sensitive or sited improperly. Although Plaintiff did present some old maintenance records (more than one year before the date in question), the maintenance records did not even show that the outer automatic door ever malfunctioned and hit anyone. Instead, the uncontroverted evidence showed that the automatic doors worked properly after the isolated incident and did not need to be repaired. This Court also cannot ignore that Plaintiff admitted in his deposition that he did not have any evidence or documentation that the automatic door malfunctioned in any way on the date of the incident. Without some kind of evidence that the door malfunctioned, the record simply does not support a finding that Defendant had superior knowledge that the automatic door was a hazard to Plaintiff. See Siegel v. Park Ave. Condo. Ass'n, 744 S.E.2d 876, 878 (Ga. Ct. App. 2013) (finding the evidence insufficient to survive summary judgment where the plaintiff only supplied her own testimony that she was hit by an automatic door and failed to present evidence that the automatic door malfunctioned). Plaintiff's assertion that the automatic door must have malfunctioned because it hit him "fall[s] short of providing evidence of a defect in the door" and does "not create any issue of fact which would preclude summary judgment." Hayes, 756 S.E.2d at

276. Where, as here, the question of whether an alleged dangerous condition caused the plaintiff's injuries

> remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant. Likewise, it is a well settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence.

Id.  Ultimately, after considering the entire record, there is no evidence at all from which to conclude that Defendant had superior knowledge of a defect or a dangerous condition, and thus Defendant is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, this Court **HEREBY GRANTS** Defendant's Motion for Summary Judgment [Doc. 49].  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 26th day of January, 2021.

_____
J. P. BOULEE
United States District Judge